[Civ. No. 6783. First Appellate District, Division One.—January 11.
1930.]

## H. P. CLAUDIUS et al., Appellants, v. CATHERINE G. VILA et al., Respondents.

H. A. Postlethwaite for Appellants.

J. A. Kennedy and Raymond Salisbury for Respondents.

TYLER, P. J.—Action for forcible entry and forcible detainer. The complaint is in two counts, which allege substantially the following facts: On the ninth day of June, 1928, plaintiffs were in the peaceable and actual possession of certain property located at Twenty-seventh Avenue and Foothill Boulevard, Alameda County. The property was known as the "Lawrence Service Station." It consisted of a residence, a battery shop and certain personal property, including equipment and the like. It is charged that while plaintiffs were absent from the premises, defendants entered upon said property by force and by breaking open a window and locked doors and took possession of the same. That thereafter on the tenth day of July, 1928, plaintiffs caused to be served upon defendants a demand and notice to surrender the property. It is then alleged in the second count that defendants have forcibly withheld and kept possession of the property at all times since the said ninth day of June, 1928.

After trial judgment went in favor of defendants. Motion for a new trial was made and denied. This is an appeal from the judgment and order.

It is the contention of appellants that all the material allegations of the complaint are supported by ample testimony and there is a complete absence of contradictory evidence as to all the material facts. There is evidence, however, to show that defendant Catherine G. Vila was the sole owner of the property in question and that she leased the same to certain parties. The lease provided that no assignment of the same should be made without the written consent of the lessor. Thereafter several written assignments were regularly made until finally the possession of the property passed into the hands of appellant, Donald W. Hughes, under some sort of oral arrangement with the lessor. Hughes became ill and he entered into negotiations with one McKinley to purchase the business. After investigating the same, McKinley concluded not to make the purchase. Hughes, who at the time was having marital differences with his wife, thereupon abandoned the premises, leaving his wife to obtain what she could for the business. At this time the gasoline station was not a going concern as there was no gasoline in the tanks and no oil or other merchandise on the property. There was also evidence to show that plaintiff Velma Hughes surrendered possession to one Savatier who operated a battery shop or other parts of the premises and that Savatier, who was moving from the premises, relinquished his possession to Mrs. Vila. Thereafter Mrs. Vila took possession of the station in the manner indicated in the complaint.

Under this evidence the trial court found that the entry upon said premises and occupation thereof by defendant Catherine Vila was lawful and peaceable and that plaintiffs or any of them were not in the peaceable or actual possession or any possession of said property. As above pointed out, there is evidence in the record to sustain this finding. This being so, the judgment and order should be and each is hereby affirmed.

Knight, J., and Cashin, J., concurred.